**Julio Javier Balam HERRERA; Rocio Balam, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–75030, 04–72718.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Susan E. Hill, Hill & Piibe, Los Angeles, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Margot L. Nadel, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Julio Javier Balam Herrera and Rocio Balam, husband and wife, seek review of the Board of Immigration Appeals' ("BIA") order upholding an immigration judge's decision to deny their application for cancellation of removal and the BIA's order denying of their motion to reopen removal proceedings. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss the petition for review for No. 04–72718 and we deny in part and grant in part the petition for review for No. 04–75030.

We lack jurisdiction to review the BIA's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Contrary to Petitioners' contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1005 (9th Cir. 2003).

The evidence Petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been

** This disposition is not appropriate for publication and is not precedent except as provid-

an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

In the underlying proceedings, the IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED for No. 04–72718. PETITION FOR REVIEW No. 04–75030 DENIED in part and GRANTED in part.**